UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
MATTHEW J. NICKERSON,                  :
                                       :
          Plaintiff,                :
                                       :
vs.                                    :   CIVIL ACTION NO. 04-11505JLT
                                       :   **IN ADMIRALTY**
GERALD F. TOWNS, *in personam* and     :
F/V VIRGINIA ROWES, her engines,       :
tackle, apparel, appurtenances, etc., *in rem*, :
                                       :                                :
          Defendants.               :
---------------------------------------------------------x

**ANSWER**

     NOW COMES defendant. Gerald F. Towns, by its attorney, and for his Answer to the Complaint of plaintiff, Matthew J. Nickerson, states, upon information and belief, as follows:

1. No response is required of this defendant to the jurisdictional statement contained in Paragraph 1 of the Complaint.

<u>The Parties</u>

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore calls upon plaintiff to prove same.

3. Defendant denies the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the truth of the allegations contained in Paragraph 4 of the Complaint that he owned and operated the F/V VIRGINIA ROWES on or about July 3, 2001; defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore calls upon plaintiff to prove same.

<u>The Facts</u>

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore calls upon plaintiff to prove same.

6. Defendant denies the truth of the allegations contained in Paragraph 6 of the Complaint that he operating the F/V ENTRAPMENT lawfully and with due care on or about July 3, 2001; defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore calls upon plaintiff to prove same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore calls upon plaintiff to prove same.

8. Defendant denies the truth of the allegations contained in Paragraph 8 of the Complaint.

9. No response is required of this defendant to the conclusion of law contained in Paragraph 9 of the Complaint, but to the extent that a response is required of this defendant, denies the truth of the said allegation and factual assertions contained therein.

10. Defendant denies the truth of the allegation contained in Paragraph 10 of the Complaint.

11. Defendant admits that a collision occurred between the vessels; he, however, denies the truth of the allegation of negligence contained in Paragraph 11 of the Complaint.

12. Defendant admits that the vessel ENTRAPMENT was damaged as a result of the collision; he, however, denies the truth of the allegation of negligence contained in Paragraph 12 of the Complaint.

13. Defendant denies the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the truth of the allegations contained in Paragraph 14 of the Complaint.

Count One

15. Defendant repeats and reiterates his responses to the allegations contained in Paragraphs 1-14 of the Complaint.

16. No response is required of this defendant to the statement contained in Paragraph 16 of the Complaint; but to the extent that same seeks impose liability upon an allegation of negligence, defendant denies the same.

Count Two

17. Defendant repeats and reiterates his responses to the allegations contained in Paragraphs 1-14 of the Complaint.

18. No response is required of this defendant to the statement contained in Paragraph 18 of the Complaint; but to the extent that same seeks impose liability upon an allegation of negligence, defendant denies the same.

Affirmative Defenses

Defendant incorporates the following affirmative defenses into each and every paragraph contained in his Answer to the Complaint:

AND IN FURTHER ANSWERING THE THIRD PARTY COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says that the Complaint fails to state a claim upon which relief can be granted.

AND IN FURTHER ANSWERING THE THIRD PARTY COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says that his liability, if any, is limited to defendant's interest in the vessel VIRGINIA ROWES at the end of the voyage in

question, plus her freight then pending, pursuant to 46 U.S.C. §183.

AND IN FURTHER ANSWERING THE THIRD PARTY COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says if plaintiff's vessel was damaged as alleged, which is specifically denied, then the said damages were caused or contributed to by plaintiff's own negligence, and not by any actions or omissions on this defendant or those for whom this defendant is responsible, and therefore, plaintiff cannot recover damages and the Complaint should be dismissed, or in the alternative, any right of recovery in favor of plaintiff should be reduced by the degree of plaintiff's own comparative negligence.

AND FURTHER ANSWERING THE THIRD PARTY COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says if plaintiff's vessel was damaged as alleged, which is specifically denied, then the said damages were caused or contributed to by the acts or omissions of third parties for whom this defendant is not legally responsible.

AND IN FURTHER ANSWERING THE THIRD PARTY COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says if plaintiff's vessel was damaged as alleged, which is specifically denied, then the damage to plaintiff's vessel was the result of an "inevitable accident" or *vis major* without any fault, negligence or want of due care on the part of this defendant, his agents, servants, employees, or equipment.

AND IN FURTHER ANSWERING THE COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says if plaintiff's vessel was damaged as alleged, which is specifically denied, then the damage to plaintiff's vessel was the result of an act of God which caused the vessels to collide, without any fault, negligence or want of due care on the part of this defendant, his agents, servants, employees, or equipment.

-5-

AND IN FURTHER ANSWERING THE THIRD PARTY COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says that plaintiff has waived any claims against him and is estopped from asserting said claims because the Master or crew of the vessel ENTRAPMENT determined that fishing operations should continue under the then existing weather conditions.

AND IN FURTHER ANSWERING THE THIRD PARTY COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says that the damages sustained by plaintiff, if any, were the result of an accident and that, insofar as this defendant is concerned, such accident was unavoidable.

AND IN FURTHER ANSWERING THE THIRD PARTY COMPLAINT, AS A COMPLETE AND SEPARATE DEFENSE, this defendant says that he intends to rely upon other and further defenses as may become available or apparent during the pendency of this action and hereby reserves his right to amend this Answer and to assert additional defenses by appropriate motion.

WHEREFORE, defendant, Gerald F. Towns, respectfully prays that judgement enter in his favor dismissing the Complaint herein and awarding his costs and disbursements of this action, including reasonable attorneys' fees, and such other and further relief as this Honorable Court deems just and proper.

Dated: September 21, 2004

    Respectfully submitted,
    GERALD F. TOWNS,
    By his Attorney,
    NORMAN A. PELOQUIN, II, P.C.

By: /s/ Norman A. Peloquin, II
    Morad Building, 460 County Street
    New Bedford, MA 02740
    Tel. 508-991-2300; Fax 508-991-8300

<u>Certificate of Service</u>

    I hereby certify that on the 21st day of September, 2004, I served a true copy of the forgoing document upon counsel of record by mailing same, first class, postage prepaid, to: Robert E. Allen, Jr., 67 Bedford Street, P.O. Box 272, Middleboro, MA 02346.

                                                 <u>/s/ Norman A. Peloquin, II</u>
                                                 Attorney at Law