UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------x
MATTHEW J. NICKERSON,                         :
                                              :
              Plaintiff,                      :
                                              :
vs.                                           :   CIVIL ACTION NO. 04-11505JLT
                                              :   IN ADMIRALTY
GERALD F. TOWNS, in personam and              :
F/V VIRGINIA ROWES, her engines,              :
tackle, apparel, appurtenances, etc., in rem, :
                                              :
              Defendants.                     :
-----------------------------------------------------x
```

**THE PARTIES' LOCAL RULE 16.1 STATEMENT**

NOW COME the parties in the above-captioned action, and, by their attorneys, submit this joint statement in accordance with the provisions of Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court will hold an initial scheduling conference on Tuesday, December 7, 2004.

I.    Nature of the Case

Plaintiff commenced this admiralty tort action for detention damages as a result of a collision between two (2) commercial lobster vessel operating over the navigable waters of the United States at a point near Plymouth, Massachusetts. At all times material hereto, plaintiff, Matthew J. Nickerson, owned and operated the F/V ENTRAPMENT. At all times material hereto, defendant, Gerald F. Towns, owned and operated the F/V VIRGINIA ROSE.

On July 3, 2001, the vessel were navigating in close proximity to each other when they collided. As a result of the collision, plaintiff alleges that he incurred damages for loss of use of the F/V ENTRAPMENT.

The parties allege that the collision and damage resulting therefrom were not caused or contributed to by any fault or negligence on their respective parts, but were caused wholly by,

and due solely to, the fault and negligence of the other party in the operation, management and navigation of the other vessel.

Both liability and damages in this case will be governed by the general maritime law of the United States. The sole issue presented herein is whether the collision was caused, in whole or in part, by the negligence of the owner/operators, and the nature, extent and proximate cause of any damages resulting therefrom.

II.     Obligation of Counsel to Confer

The parties have conferred in accordance with the provisions of Local Rule 16.1. Counsel for the parties have agreed to explore the possibility of alternative dispute resolution.

Counsel certify that they will confer with their respective clients concerning those matters set forth in Local Rule 16.1(D)(3) prior to the scheduling conference and will submit certifications signed by counsel and an authorized representative for each party at that time.

III.    Settlement Proposal

Plaintiff has submitted a demand to defendant. Counsel will confer with Mr. Towns prior to the scheduling conference.

IV.     Proposed Joint Discovery Plan

Pursuant to Fed. R. Civ. P. 1(b) and Local Rule 16.1(F), the parties propose the following discovery plan:

(1)     Pursuant to Fed. R. Civ. P. 12 - 15, the parties will file all motions, amendments and supplements to the pleadings, including all motions to add additional parties or claims, by January 31, 2005;

(2)     The parties will serve all written discovery requests by March 31, 2005;

(3)     The parties will complete all factual depositions by July 31, 2005;

(4)  The parties will thereafter attend a case management conference to be scheduled by the court to explore the possibility of settlement and other issues set forth in Local Rule 16.3.

(5)  The parties will designate their trial experts and disclose the information set forth in Fed. R. Civ. P. 26(b)(4)(A)(i) by October 31, 2005;

(6)  The parties will file all dispositive motions, including motions for summary judgment, by October 31, 2005;

(7)  The parties will complete expert discovery, including expert depositions, by December 31, 2005; and

(8)  The parties will thereafter attend a final pretrial conference to be scheduled by the court and be prepared to commence trial on the date of said conference.

Dated: December 6, 2004

Respectfully submitted,

| | |
|---|---|
| MATTHEW J. NICKERSON | GERALD F. TOWNS |
| By his attorney, | By his attorneys, |
| ROBERT E. ALLEN, JR., ESQ. | NORMAN A. PELOQUIN, II, P.C. |
| | |
| By: /s/ Robert E. Allen | By: /s/ Norman A. Peloquin |
| Robert E. Allen, Jr., Esquire | Norman A. Peloquin, II, Esquire, |
| (BBO No. 015730) | (BBO No. 550872) |
| 67 Bedford St., P.O. Box 272 | Morad Building, 460 County St. |
| Middleboro, MA 02346 | New Bedford, MA 02740 |
| Tel. (508) 946-4747 | Tel. (508) 991-2300 |
| Fax. (508) 946-2177 | Fax. (508) 991-8300 |